KINSMAN *v.* BIRDSALL, impleaded, &c.

In the absence of proof of fraud in the making, or in the holder's possession, of a promissory note, the burden of proving want of consideration rests upon the maker.

Proof that one of the joint makers of a note signed it without consideration, as between him and the payee, and at the request of another joint maker, is insufficient to destroy the presumption of consideration contained in the note

itself; it must also be shown that there was no consideration moving between the payee and the other joint maker.

An omission of the words, "value received," does not alter the legal import and effect of a promissory note.

In an action upon a joint note, made by three persons, one of whom does not appear to defend, slight evidence is sufficient to establish the making by the latter, where it appears clearly that the others have executed the note.

*It seems,* that one of several joint makers of a note, will be deemed to admit, in signing, the genuineness of the signatures which precede his own.

THIS was an appeal by one of three joint makers of a promissory note, from a judgment against them. The reasons urged for a reversal are stated in the opinion.

BY THE COURT. INGRAHAM, FIRST J.—This action is against three defendants, upon a joint note payable to the plaintiff or order. The note is in the usual form, except the omission of the words, "for value received." The appeal is by one of the makers, Birdsall, alone. There are two grounds of appeal:

1st. That the execution of the note was not properly proven.

2d. That there was no consideration given for it, and, therefore, it could not be recovered upon between the original parties.

Upon the first point, I think the evidence was sufficient to warrant the finding of the justice. There could be no doubt as to the execution of the note by the defendants Birdsall and Thompson, as the former signed the note at the request of the latter, after his signature was affixed to it. Payment of the note was demanded of the defendant Andross, the other maker, and he did not deny it; but when applied to for payment, his answer was that he had not means. He did not deny its execution. The evidence as to Andross may be slight, but there is no reason for reversal on that ground for the benefit of Birdsall, when Andross · himself makes no objection, and does not appear as defendant, he not having been served with process. I might also add, that the defendant Birdsall, having signed the note after the other defendants, must be considered as admitting

the genuineness of the other signatures. I think, also, the justice decided correctly upon the second point.

The omission of the words "for value received" did not alter the legal effect of the note. It was still a valid promissory note, which imported a consideration. Presumptively, the note was given for a sufficient consideration. (13 Wend. 569; Story on Promissory Notes, § 51, and cases cited.) To destroy that presumption, the burden of proof is on the defendant, to show the want of it. Birdsall was examined as a witness, and he testified that he never received any consideration for the note, and that he does not know there was any. At the time of signing the note, he did so at the request of Thompson; and he was told by the plaintiff not to sign it, unless he expected to pay it at maturity. If the defendant, Birdsall, had been the sole maker of the note, the evidence would have been sufficient to sustain the defence; but where it appears that the note was signed for Thompson, and at his request, the defendant, Birdsall, must be considered as signing the note as surety for Thompson. The defence, then, is not made out, until it appears that Thompson also received nothing for it.

A promissory note for the debt of a third person is binding on the party who signs it, whether as maker or endorser; and if he signs as joint maker, for the benefit of such third person, he is equally liable, although he has received no consideration. (Chitty on Contracts, 413.) The liability is the same, whether as joint maker or endorser; and if he is surety, no consideration is required to its validity, as between him and the creditor.

It was not, therefore, sufficient for the defendant, Birdsall, to prove that he received no consideration. It was also necessary for him to show the want of consideration between the plaintiff and the other makers. This he has not done. He has, therefore, failed to produce sufficient evidence to destroy the presumption of consideration arising upon the note itself.

The evidence of Birdsall, that the plaintiff told him that

Thompson owed him borrowed money, was not objected to.on the trial, and therefore cannot be objected to now. It was, also, properly admitted as showing, by a conversation between the parties, the communication of a fact which may have led to the execution of the note by Birdsall. At any rate, the want of an objection below, is fatal to the defendant on this appeal.

                              Judgment affirmed.